UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-10213-NMG |
| ) | |
| GEORGE L. MEDINA ) | |

JOINT MOTION FOR EXTENSION OF TIME TO COMPLETE HEARING ON
DEFENDANT'S MOTION TO SUPPRESS

   The defendant, George L. Medina, and the Government jointly move for additional time to conclude the evidentiary hearing on defendant's motions to suppress evidence. Specifically, on July 11, 2006 the Court began but did not complete an evidentiary hearing on defendant's motions to suppress. On July 11, the Government called Sergeant John Aravohites and Detective Robert Rogers of the Haverhill Police Department. Following direct and cross-examination of these two witnesses the Court adjourned the hearing for the day. The Court session had run from approximately 9:30 a.m. to 1:00 p.m. Following the close of testimony on July 11, the Court stated to the parties that it would continue the hearing on July 12, 2006 at 9:30 a.m. and conclude the hearing at 11:30 a.m. The Court further indicated that it would not allow additional time beyond that to continue the hearing.

   At that time, the Government informed the Court that it had three additional police officers that it intended to call. The defendant further informed the Court that it had one police

officer, a civilian witness, and Special Agent Sheila O'Hara of Alcohol, Tobacco, and Firearms.  The parties expressed to the Court that two hours was not a sufficient period of time to complete the evidentiary portion of the hearing.  In response, the Court stated that it would allow two hours and if the parties were not finished it would rule based on the evidence submitted at the completion of the two hour period.

The parties hereby request additional time above and beyond the two hour limit set by the Court to complete the hearing.  The parties believe that the testimony of the outstanding witnesses could be completed in approximately 4 - 5 hours.  The defendant asserts that he has a Constitutional right to fully and completely cross-examine witnesses against him.  See U.S. Constitution, Sixth Amendment.  Furthermore, the defendant asserts that he has a Constitutional right to due process that at its core requires that he be allowed to call witnesses in his defense and present evidence to the Court.  See U.S. Constitution, Fifth Amendment.  In a similar vein, to the extent the defendant calls any witnesses in his defense, the Government should be allowed an opportunity for cross examination.  See e.g. United States v. Haven, 446 U.S. 620, 627 (1980).  Finally, the Government is entitled to introduce evidence favorable to its case in chief and to paint a complete picture of the course of events at issue in this case.

Accordingly, the parties jointly request that the Court extend the time to complete the evidentiary hearing in this case to allow each side to present the relevant evidence needed for the Court to make a reasoned decision on the defendant's motions to suppress.  Moreover, the parties are simply requesting an additional 2 - 3 hours of the Court's time to complete the evidentiary hearing.

MICHAEL J. SULLIVAN                 GEORGE L. MEDINA
United States Attorney              By his attorney,


/s/S.Waqar Hasib                    /s/ Stylianus Sinnis
S. WAQAR HASIB                      STYLIANUS SINNIS
Assistant U.S. Attorney               B.B.O. # 560148
                                    Federal Defender Office
                                    408 Atlantic Ave., 3rd Floor
                                    Boston, MA  02110
                                    Tel: 617-223-8061
July 11, 2006

CERTIFICATE OF SERVICE

    I, S. Waqar Hasib, do hereby certify that this document has been filed electronically and that it will be served electronically to registered ECF participants as identified on the Notice of Electronic Filing (NEF) and by sending paper copies to non-registered participants all on July 11, 2006.


                                    /s/ S. Waqar Hasib
                                    S. WAQAR HASIB
                                    Assistant U.S. Attorney

-3-